UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| HASSEM AHMAD ALAME, | |
| Petitioner, | Case No. 1:10-cv-653 |
| v. | Honorable Paul L. Maloney |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, DISTRICT DIRECTOR, et al., | **REPORT AND RECOMMENDATION** |
| Respondents. | |

This is a habeas corpus proceeding brought *pro se* by a federal detainee pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States Bureau of Immigration and Customs Enforcement (ICE). The *pro se* petition recites that petitioner is currently detained at the Calhoun County Jail, within this district, having been arrested on November 24, 2009. His petition was filed on July 8, 2010, asserting that petitioner's continued detention violates 8 U.S.C. § 1231(a)(6), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondent has filed an answer, supported by the unsworn declaration under penalty of perjury made by Immigration Enforcement Agent Eric Fifer. (docket #s 5, 6). Petitioner has not filed a response, nor has he provided the court with an affidavit or other factual material supporting the allegations in his petition. This matter has been referred to me for issuance of a report and recommendation

pursuant to Rule 10 of the Rules Governing Section 2254 Proceedings in the District Courts[1] and 28 U.S.C. § 636(b)(1)(B). After reviewing the record, I conclude that petitioner has failed to meet his burden to show that there is no significant likelihood of removal within the reasonably foreseeable future. I therefore recommend that his habeas corpus action be denied.

## Proposed Findings of Fact

Petitioner is a citizen of Lebanon. He was admitted to the United States on September 13, 1997, on a temporary visa. (Pet. ¶ 17(a)). On May 17, 2001, petitioner was granted status as a lawful permanent resident. (Fifer Decl. ¶ 3). In April 2006, petitioner was convicted in the Wayne County Circuit Court on felony charges of felonious assault, MICH. COMP. LAWS § 750.82, discharge of a firearm in or at a building, MICH. COMP. LAWS § 750.234(b), and possession of a firearm during commission of a felony, MICH. COMP. LAWS § 750.227b. The court sentenced petitioner to concurrent terms of 2-to-4 years' incarceration on the first two convictions, with a mandatory, consecutive 2-year term on the felony-firearms offense. (Fifer Decl. ¶ 3).

After being released from prison, petitioner was taken into custody by ICE on November 24, 2009, for deportation proceedings. On the next day, he was served a notice to appear and placed into removal proceedings at the Detroit Immigration Court. Petitioner appeared before an Immigration Judge on December 7, 2009, and admitted all of the material allegations in support of removal. The Immigration Judge ordered petitioner removed from the United States to Lebanon. Petitioner did not appeal. (Fifer Decl. ¶ 3).

---

[1] The district court has discretion to apply the section 2254 rules in other habeas corpus cases, such as those brought under section 2241. *See* Rule 1(b), RULES GOVERNING SECTION 2254 CASES.

On December 14, 2009, officials of ICE began efforts to obtain a travel document from the government of Lebanon to allow his deportation. Agent Fifer avers that the process took longer than usual because petitioner had entered the United States on a fraudulent Italian passport, claiming to be an Italian citizen. The Lebanese Consulate did not process the travel documents until the Italian government confirmed that petitioner had no legitimate claim to Italian citizenship. (Fifer Decl. ¶ 5).

The Lebanese Consulate issued a valid travel document for petitioner on July 16, 2010. As of August 12, 2010, ICE officers had arranged the necessary travel itinerary and had scheduled petitioner's removal to Lebanon. Mr. Fifer has asserted that removal is "imminent." (Fifer Decl. ¶ 6). Petitioner has produced no evidence to the contrary.

## Discussion

Petitioner seeks relief under 28 U.S.C. § 2241, which authorizes federal district courts to grant writs of habeas corpus to prisoners "in custody." Despite statutory restriction of court review regarding many immigration matters, a petition for writ of habeas corpus under section 2241 is appropriate for raising statutory and constitutional challenges to post-removal detention by the ICE. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003).

The detention of aliens is governed by statute. When immigration authorities issued a final order of removal, petitioner was subject to a mandatory 90-day detention period pursuant to section 241(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(a). After expiration of that period, section 241(a)(6) of the INA gives the Attorney General discretion to continue an alien in detention:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title, or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, the Supreme Court was asked to declare section 241(a)(6) unconstitutional, because it authorized unlimited detentions, in violation of the Due Process Clause. To avoid this constitutional question, the Court construed the statute as authorizing detention only for that period of time reasonably necessary to remove the alien, presumptively six months. 533 U.S. at 701. Thus, the Act as construed in *Zadvydas* does not permit indefinite detention, which implicates due-process concerns under the Fifth Amendment. *See Ly*, 351 F.3d at 267.

The *Zadvydas* Court outlined the essential inquiry for a habeas court faced with administrative detention beyond the presumptive six-month limit:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon violation of those conditions.

*Zadvydas*, 533 U.S. at 699-700. "[W]here detention's goal is no longer practically attainable, detention no longer bears a reasonable relation to the purpose for which the individual was committed." *Id.* at 690. Under *Zadvydas*, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 701. Petitioner has the burden of providing a good reason to believe that no such likelihood

exists. Once petitioner has met this burden, the government must respond with evidence sufficient to rebut that showing. *Id.* at 701.

In the present case, petitioner has not provided any evidence to give this court "good reason to believe" that his removal is unlikely in the reasonably foreseeable future. According to the declaration presented by respondent, as of August 12, 2010, all necessary administrative steps for deportation had occurred: Lebanon has issued travel documents, a travel itinerary has been scheduled, and deportation is imminent. Petitioner has provided no evidence to the contrary.

It is significant that, unlike the circumstance faced by the Court in *Zadvydas*, there is no institutional barrier to removal. *Zadvydas* involved two aliens with criminal records, who faced "potentially permanent" civil confinement. 533 U.S. at 684-86. Because of his criminal record, Mr. Zadvydas was denied entry by both Germany and Lithuania, the two countries with which he had prior contacts. Petitioner Ma had no reasonable prospect of being repatriated to his native Cambodia, given the lack of a repatriation agreement between that country and the United States. *Id.* at 685-86. By contrast, the ICE officials responsible for this case have now taken all steps necessary for deportation, after a delay caused by petitioner's own wrongdoing in traveling on a false passport. Mere delay by the foreign consulate in issuing travel documents, despite reasonable efforts by United States authorities to secure them, does not satisfy a detainee's burden under *Zadvydas* to provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002); *Kahn v. Fasano*, 194 F. Supp. 2d 1134, 1137-38 (S.D. Cal. 2001); *see also Olajide v. BICE*, 402 F. Supp. 2d 688, 689, 694 (E.D. Va. 2005) (delay in pre-removal detention attributable to petitioner's fault cannot support a claim of unreasonably long detention).

On the record now before the court, petitioner has not met his burden of showing that there is no significant likelihood of removal within the reasonably foreseeable future. He is therefore not entitled to habeas corpus relief.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied.

Dated:  October 18, 2010            /s/  Joseph G. Scoville
                                    United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).